WO                                                                                                                                  **JWB**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Christopher Hamblin, | No. CV 05-1803-PHX-MHM-LOA |
| Plaintiff, | **ORDER** |
| vs. | |
| Joseph M. Arpaio, | |
| Defendant. | |

In this civil rights action brought by a former county jail inmate, Defendant moved to dismiss for lack of exhaustion (Doc. # 11). Plaintiff responded, and Defendant replied (Doc. ## 13, 16). The Court will grant Defendant's motion and terminate this action.

**I.     Background**

Plaintiff filed a 42 U.S.C. § 1983 action against Defendant Joseph Arpaio alleging that Plaintiff's constitutional rights were violated by (1) insufficient and spoiled meals, (2) overcrowding, and (3) unsanitary conditions at the Durango Jail (Doc. # 1 at 4-6). Defendant Arpaio was ordered to answer the Complaint and he subsequently filed a Motion to Dismiss on the ground that Plaintiff failed to exhaust his administrative remedies (Doc. ## 3, 11). In support of his motion, Defendant submitted (1) an affidavit of Sergeant Zelean Tademy and (2) the Maricopa County Sheriff's Office's Inmate Grievance Procedures (Doc. # 11, Ex. 1).

///

///

///

## II.     Legal Standard

Plaintiff must first exhaust "available" administrative remedies before bringing this action. See 42 U.S.C. § 1997e(a); Vaden v. Summerhill, 449 F.3d 1047, 1050 (9th Cir. 2006); Brown v. Valoff, 422 F.3d 926, 934-35 (9th Cir. 2005). He must complete the administrative review process in accordance with the applicable rules. See Woodford v. Ngo, 126 S. Ct. 2378, 2384 (2006). Exhaustion is required for all suits about prison life, Porter v. Nussle, 534 U.S. 516, 523 (2002), regardless of the type of relief offered through the administrative process, Booth v. Churner, 532 U.S. 731, 741 (2001).

Defendants bear the burden of raising and proving the absence of exhaustion. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). Because exhaustion is a matter of abatement in an unenumerated Rule 12(b) motion, a court may look beyond the pleadings to decide disputed issues of fact. Wyatt, 315 F.3d at 1119-20. Further, a court has broad discretion as to the method to be used in resolving the factual dispute. Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 369 (9th Cir. 1988) (quotation omitted).

## III.    Analysis

Plaintiff brought a Complaint claiming that the Durango Jail was severely overcrowded and unsanitary and that Plaintiff received insufficient and spoiled meals (Doc. # 1 at 4-6). In his Complaint, Plaintiff acknowledged that a grievance system existed at the Jail and that he failed to exhaust his administrative remedies as to his claims (Id.).

In support of his motion to dismiss, Defendant submitted the affidavit of Sergeant Zelean Tademy (Tademy Aff., Ex. 1, Doc. # 11). Tademy asserts that he has searched Plaintiff's file for records of grievances and that Plaintiff filed three grievances while incarcerated in the Maricopa County Jail System, but that those grievances dealt solely with the underlying reasons for Plaintiff's incarceration and the need for a towel (Id. at ¶ 4). Moreover, Tademy asserts that those grievances were not exhausted to the External Appeal level.

1    Plaintiff responded to Defendant's motion on November 20, 2006 (Doc. # 13).
2 Plaintiff averred that in July 2005 he requested grievance forms to address his claims, but
3 was told that his claims were not grievable issues (Doc. # 13 at 2). Plaintiff seems to argue
4 there were no "available remedies" to him and therefore he was not required to exhaust his
5 administrative remedies. While it is true that an inmate Plaintiff must only exhaust available
6 remedies, Plaintiff's argument still fails for at least two reasons. First, Plaintiff has not
7 specifically named *any* of the officers who refused his request for grievance forms nor has
8 he described with any degree of specificity what transpired to prevent him from filing
9 grievances. Second, Plaintiff's argument is belied by the fact that he was successful in
10 utilizing the grievance process at other times. Indeed, Plaintiff was able to grieve his need
11 for another towel (Doc. # 16, Ex. 1).

12    Defendant replied that all issues may be grieved and that detention officers pass out
13 grievance forms to inmates who request them (Doc. # 16 at 4). Moreover, Defendant has
14 proffered evidence that during the time of Plaintiff's incarceration in the Maricopa County
15 Jail System 142 inmates filed grievances related to overcrowding.

16    In light of Plaintiff's generalized allegation that detention officers told him that his
17 issues were not grievable, Defendant's evidence that a grievance process existed at the jail
18 for any issue, and the fact that Plaintiff was able to utilize the grievance process for other
19 issues, Defendant has demonstrated that Plaintiff failed to exhaust available remedies with
20 respect to overcrowding, unsanitary conditions, and insufficient and spoiled meals.

21    **IT IS ORDERED** that Defendant's Motion to Dismiss (Doc. # 11) is **granted**, and
22 Plaintiff's action is dismissed without prejudice. The Clerk shall terminate this action.

23    DATED this 4th day of May, 2007.

Mary H. Murguia
United States District Judge

- 3 -